### TOWN OF SALEM *vs.* TOWN OF MONTVILLE.

A notice that a pauper belonging to the town of *M* was on expense in the town of *S*, was sent to the selectmen of *M* in these words :—"Mrs. Phelps, an inhabitant of *M*, is on expense in the town of *S*." Held not sufficient under the statute (Revision of 1866, tit. 50, § 22,) which requires that the notice should state the *name* of the pauper.

Held, that the defect could not be supplied by evidence that there was in fact no other person residing in the town of *M* to whom the name would apply.

ASSUMPSIT, to recover for expenses incurred in the support of a pauper named Lucy S. Phelps, claimed to belong to the town of Montville ; tried to the jury in the superior court, on the general issue, before *Phelps, J.*

On the trial the plaintiffs introduced evidence to prove that on the 4th day of July, 1863, Lucy S. Phelps was an inhabitant of the town of Montville, residing in the town of Salem, and had become reduced by sickness to want, and was supported at the expense of the town of Salem. To prove that notice of her condition was given to the town of Montville by the selectmen of Salem, the plaintiffs offered in evidence a letter written by Josiah Raymond, one of the selectmen of Salem, and sent by him to the selectmen of Montville, on the 4th of July, 1863, in the words following :

"To the selectmen of Montville : Gentlemen : I hereby

notify you that Mrs. Phelps, an inhabitant of Montville, is on expense in the town of Salem. July 4th, 1863.

JOSIAH RAYMOND, Selectman."

The defendants objected to the admission of this letter in evidence for the purpose for which it was offered, on the ground that it did not state the name of the pauper, as the statute requires ; * whereupon the plaintiffs offered evidence to prove that, at the time the letter was written, no other Mrs. Phelps than the said Lucy S. Phelps was residing in the town of Salem, and the court then overruled the objection and allowed the letter to be read to the jury. No other evidence of notice to the defendants was offered by the plaintiffs. The defendants requested the court to charge the jury that the letter was not such notice of the condition of the pauper as the statute requires, and therefore that the plaintiffs were not entitled to recover ; but the court refused so to instruct the jury, and charged them that if there was no other Mrs. Phelps than the said Lucy S. Phelps residing in the town of Salem at the time the letter was written, the letter was sufficient notice of the condition of the pauper.

The jury returned a verdict for the plaintiffs, and the defendants moved for a new trial.

*Hovey* and *Halsey*, in support of the motion.

*Wait* and *Pratt*, contra.

PARK, J. It must be conceded, in view of the authorities, that the notice relied upon by the plaintiffs disconnected from the parol evidence received in the case, was not sufficient for the purpose of charging the defendants with the expenses sought to be recovered in this suit.

It was held by this court in the case of *Middletown* v. *Ber-*

*lin,* 18 Conn., 189, that a notice describing the paupers as "A. B., wife and children," was not sufficient for the purpose intended, so far as the children were concerned. Similar decisions have been made in other states. *Bangor* v. *Deer Isle,* 1 Greenl., 329 ; *Dover* v. *Paris,* 5 id., 430 ; *Chichester* v. *Pembroke,* 2 N. Hamp., 530 ; *New Boston* v. *Dunbarton,* 12 id., 409 ; *Dalton* v. *Bethlehem,* 20 id., 505 ; *Walpole* v. *Hopkinton,* 4 Pick., 358 ; *Embden* v. *Augusta,* 12 Mass., 307 ; *Shutesbury* v. *Oxford,* 16 id., 102 ; *Northfield* v. *Taunton,* 1 Met., 433 ; *Lanesborough* v. *New Ashford,* 5 Pick., 1 The pauper in this case was not otherwise described than as a Mrs. Phelps, an inhabitant of the town of Montville. There might have been many other inhabitants of the town to whom the appellation would apply, and if so the designation was far more indefinite than in the case in the 18th Conn. Can the fact that there was no other inhabitant of the town of Montville to whom the description would apply make any difference ? We think not. Had the notice so stated perhaps it might have been sufficient, for then it would have pointed out the person with some particularity. But however this may be, we are well satisfied that the mere existence of the fact, unknown to the selectmen, and which would require them to inquire throughout the town to ascertain it, which would impose upon them the obligation to know or inform themselves respecting the name of every inhabitant of the town, not only of those then residing within its limits, but of those who had removed therefrom, those who had acquired settlements in other towns, and those who had not, in order to discover the person intended, can not make the notice good. The case is not within the letter, neither is it within the spirit of the statute. The legislature intended that definite information as to the person should be given ; and to hold that any description of the person will be good that will be found to apply to no one else after the most extensive examination and inquiry shall have been made, would effectually nullify the statute.

A new trial is therefore advised.

In this opinion the other judges concurred.